IN AND FOR THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| JUDY MORRELL and BERTHA ZAMORA, | * | |
| | * | |
| Plaintiff, | * | CIVIL ACTION CASE NO. 09-753-KD-C |
| | * | |
| v. | * | |
| | * | |
| THOMAS DAVID LUNCEFORD, also known | * | TORTUROUS INTERFERENCE, |
| as TOMMY LUNCEFORD, and JUDITH S. | * | ARSON, FRAUD and ATTEMPTED |
| KELLY, also known as JUDITH SAUCIER | * | MURDER |
| and JUDY HAMBY, and JOHN DOES 1-3, | * | |
| | * | |
| Defendants. | * | |

## ANSWER

Comes now JUDITH S. KELLY, by and through her attorney of record, J. MICHAEL NEWTON, and answers the Complaint heretofore filed against her in this cause as follows:

This Defendant denies each and every allegation in paragraphs (1) through (6) and demands strict proof thereof.

This Defendant does further, however, admit that the property referred to in this action is commonly described as 3401 Gulf Shores Parkway, Gulf Shores, Alabama 36542, and was being operated at the time as "Nick's At Gulf Shores".

## PARTIES

### Plaintiffs:

The Defendant admits that the Plaintiff herein, Judy Morrell, was an individual living in the city of Gulf Shores in Baldwin County, Alabama, but she denies the remaining allegations and demands strict proof thereof.

This Defendant further admits that Bertha Zamora is an individual who, upon information and belief, is residing in the County of Contra Costa, California.

This Defendant denies the remaining allegations and demands strict proof thereof.

**Defendant:**

This Defendant further admits that the Defendant, Tommy Lunceford, is an individual who resided in the same dwelling as she, that she is previously known as Judy Saucier, and that she resided at 701 St. Andrews, Gulf Shores, Alabama 36542, at the time. She further admits that Defendant Lunceford was an inmate at Mobile Metro Jail.

## JURISDICTION

(a) This Defendant admits that the allegations of wrongdoing have occurred in Baldwin County, Alabama.

(b) This Defendant admits that there is complete diversity of citizenship between Plaintiffs and Defendants. She admits that there is personal jurisdiction over her and she has done business in the State of Alabama, but she denies the remaining allegations and demands strict proof thereof.

## BACKGROUND

(1) This Defendant is without sufficient information to either admit or deny the allegations of paragraph (1).

(2) Denied and strict proof thereof is hereby demanded.

(3) This Defendant denies all allegations of paragraph (3) with the exception of the fact that she met the Plaintiffs just before initiation of the lease for approximately thirty (30) minutes in her St. Andrews' residence, however, all other allegations are denied and strict proof thereof is hereby demanded.

(4) This Defendant is without sufficient information to either admit or deny the allegations of paragraph four (4), however, no allegations are made regarding this Defendant in said

paragraph.

(5)     This Defendant denies the allegations of paragraph (5) and demands strict proof thereof.

(6)     This Defendant admits that an $11,000.00 check payable to Kelly Lunceford Properties, LLC was received and deposited in to the bank account of Kelly Lunceford Properties, LLC, but she denies the remaining allegations and demands strict proof thereof.

(7)     Denied and strict proof thereof is hereby demanded.

(8)     Denied and strict proof thereof is hereby demanded.

(9)     Denied and strict proof thereof is hereby demanded.

(10)    Denied and strict proof thereof is hereby demanded.

(11)    Denied and strict proof thereof is hereby demanded.

(12)    This Defendant admits that the Plaintiffs began cleaning and renovating and decorating the restaurant, but she denies the remaining allegations and demands strict proof thereof.

(13)    This Defendant is without sufficient information to either admit or deny the allegations of this paragraph and no allegations have been made against this Defendant.

(14)    Denied and strict proof thereof is hereby demanded.

(15)    Denied and strict proof thereof is hereby demanded.

(16)    Denied and strict proof thereof is hereby demanded.

(17)    Denied and strict proof thereof is hereby demanded.

(18)    Denied and strict proof thereof is hereby demanded.

(19)    Denied and strict proof thereof is hereby demanded.

(20)    Denied and strict proof thereof is hereby demanded.

(21)    This Defendant admits that the Defendant Lunceford, upon information and belief, entered a guilty plea, but she denies the remaining allegations and demands strict proof thereof.

## COUNT ONE

### TORTUOUS INTERFERENCE PURSUANT TO 28 USC Section 1961

This Defendant denies the allegations of Count One and each and every paragraph thereof and demands strict proof thereof.

## COUNT TWO

### FRAUD AND MISREPRESENTATION PURSUANT TO 18 U.S.C.

(1)  This Defendant denies the allegations of paragraph (1) and demands strict proof thereof.

(2)  Denied and strict proof thereof is hereby demanded.

(3)  Denied and strict proof thereof is hereby demanded.

(4)  Denied and strict proof thereof is hereby demanded.

(5)  Denied and strict proof thereof is hereby demanded.

(6)  Denied and strict proof thereof is hereby demanded.

(7)  Denied and strict proof thereof is hereby demanded.

(8)  Denied and strict proof thereof is hereby demanded.

(9)  Denied and strict proof thereof is hereby demanded.

(10) Denied and strict proof thereof is hereby demanded.

(11) Denied and strict proof thereof is hereby demanded.

(12) This Defendant denies the allegations as stated in paragraph (12) and every sub-paragraph thereof and demands strict proof of same.

## COUNT THREE

### ARSON AND ATTEMPTED MURDER

(1)  Denied and strict proof thereof is hereby demanded.

(2)  Denied and strict proof thereof is hereby demanded.

(3)   Denied and strict proof thereof is hereby demanded.

(4)   This Defendant admits that she was not charged in any criminal counts, but she denies the remaining allegations and demands strict proof thereof.

(5)   Denied and strict proof thereof is hereby demanded.

(6)   Denied and strict proof thereof is hereby demanded.

(7)   This Defendant is without sufficient information to neither admit or deny the allegations of paragraph (7).

(8)   Denied and strict proof thereof is hereby demanded.

## PRAYER FOR RELIEF

This Defendant answers the Prayer for Relief by denying paragraphs (1), (2), (3) and (4) of said Prayer for Relief and she demands strict proof thereof.

## AFFIRMATIVE DEFENSES

This Defendant asserts the following affirmative defenses to the Plaintiffs' Complaint:

## COUNT ONE

1.   Count One of the Plaintiffs' Complaint fails to state a claim against this Defendant upon which relief can be granted.

2.   This Defendant is not guilty of the allegations stated against her by the Plaintiffs.

3.   That this Defendant is not indebted to the Plaintiffs.

## COUNT TWO

4.   Count Two fails to state a claim against this Defendant upon which relief may be granted.

5.   This Defendant made no representations to the Plaintiffs as alleged.

6.   This Defendant is not indebted to the Plaintiffs.

## COUNT THREE

7. Count Three of the Plaintiff's Complaint fails to state a claim upon which relief may be granted against this Defendant.

8. This Defendant is not guilty as alleged by the Plaintiffs and thus the Plaintiffs ought not recover.

/S/J. Michael Newton
J. MICHAEL NEWTON (ASB-3418-E66J)
Attorney for the Defendant, Judith S. Kelly
605 Bel Air Boulevard, Suite 22
Mobile, Alabama 36606
(251)445-0085

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 18th day of December, 2009, served a copy of the foregoing pleading on the following via U.S. Mail, first-class postage prepaid and properly addressed as follows:

Ms. Judy Morell
1391 N.W. St. Lucie Boulevard, West #195
Port St. Lucie, Florida 34986

Ms. Bertha Zamora
1391 N.W. St. Lucie Boulevard, West #195
Port St. Lucie, Florida 34986

/s/J. Michael Newton